# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONNIE MAURICE STEWART, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-152 (JEB) |
| | ) | |
| | ) | |
| ALEX M. AZAR II, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*       \*       \*

## ANSWER

Intervening Defendant Commonwealth of Kentucky, through Matthew G. Bevin, Governor ("Defendant"), for its Answer to Plaintiffs' Complaint, states as follows using the same numbering as the Complaint:

1.      Defendant denies the allegations contained in Paragraph 1.

2.      Defendant admits that Medicaid provides certain health care services to qualifying individuals. As to the number of individuals who qualify for Medicaid nationwide, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegation and therefore denies the same. The second and third sentences of Paragraph 2 contain Plaintiffs' characterization of the Social Security Act to which no response is required. To the extent a response is required, Defendant states that the Social Security Act speaks for itself.

Defendant denies any allegation contained in Paragraph 2 not specifically admitted herein.

3.    Defendant admits that the federal government provides matching funds for Medicaid spending. The remainder of Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, the Social Security Act speaks for itself. Defendant denies any allegation contained in Paragraph 3 not specifically admitted herein.

4.    Defendant admits that Medicaid is part of the Social Security Act and that the Social Security Act grants the Secretary of the Department of Health and Human Services (the "HHS Secretary") broad discretion to waive Medicaid provisions under 42 U.S.C. § 1315. Defendant denies any allegation contained in Paragraph 4 not specifically admitted herein.

5.    Defendant admits that Governor Bevin submitted Kentucky's Section 1115 waiver application ("Kentucky's waiver application"), attached as Exhibit B to Plaintiffs' Complaint, to the HHS Secretary on August 24, 2016. As to the content of Kentucky's waiver application and statements made therein, Defendant states that Kentucky's waiver application speaks for itself. Defendant admits that Kentucky's waiver application was open to state and federal public comment in 2016 and 2017. Defendant admits that the Centers for Medicare and Medicaid Services ("CMS") received over 3,000 comments on Kentucky's waiver application and its modification request. Defendant denies any allegation contained in Paragraph 5 not specifically admitted herein.

6.      Defendant states that the January 11, 2018 letter to State Medicaid Directors (the "January 11 letter"), attached as Exhibit D to Plaintiffs' Complaint, speaks for itself. Defendant admits that the January 11 letter was sent after the public comment period on Kentucky's waiver application closed. Defendant denies any allegation contained in Paragraph 6 not specifically admitted herein.

7.      Defendant admits that Kentucky's Section 1115 waiver ("Kentucky HEALTH") was approved on January 12, 2018 after extensive opportunity for comment on its provisions. As to the content of Kentucky HEALTH, Defendant states that the January 12, 2018 approval package and accompanying Special Terms and Conditions (together, the "STCs"), attached as Exhibit C to Plaintiffs' Complaint, speak for themselves. Defendant denies any allegation contained in Paragraph 7 not specifically admitted herein.

8.      Defendant denies the allegations contained in Paragraph 8.

9.       Defendant admits that Plaintiffs purport to bring this matter as a class action seeking declaratory and injunctive relief for alleged violation of the Administrative Procedure Act, the Social Security Act, and the United States Constitution. Defendant denies any allegation contained in Paragraph 9 not specifically admitted herein.

10.     Defendant denies the allegations contained in Paragraph 10.

11.     Defendant admits Paragraph 11 to the extent that venue is proper, but denies that venue is proper under 28 U.S.C. § 1391(b)(2). Defendant further states that this matter should be transferred to the United States District Court for the Eastern

District of Kentucky under 28 U.S.C. § 1404. Defendant denies any allegation contained in Paragraph 11 not specifically admitted herein.

12.     Defendant admits that Ronnie Maurice Stewart is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 and therefore denies the same.

13.     Defendant admits that Glassie Mae Kasey is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 and therefore denies the same.

14.     Defendant admits that Lakin Branham is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 and therefore denies the same.

15.     Defendant admits that Shanna Ballinger is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 and therefore denies the same.

16.     Defendant admits that Dave Kobersmith is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 and therefore denies the same.

17.    Defendant admits that William Bennett is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 and therefore denies the same.

18.    Defendant admits that Shawna Nicole McComas is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 and therefore denies the same.

19.    Defendant admits that Alexa Hatcher is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 and therefore denies the same.

20.    Defendant admits that Michael Woods and Sara Woods are residents of Kentucky and currently are enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 and therefore denies the same.

21.    Defendant admits that Kimberly Withers is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 and therefore denies the same.

22.    Defendant admits that Katelyn Allen is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 and therefore denies the same.

23. Defendant admits that Amanda Spears is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 and therefore denies the same.

24. Defendant admits that David Roode is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 and therefore denies the same.

25. Defendant admits that Sheila Marlene Penney is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 and therefore denies the same.

26. Defendant admits that Quenton Radford is a resident of Kentucky and currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 and therefore denies the same.

27. Defendant denies the first sentence of Paragraph 27. Alex M. Azar II is now the HHS Secretary. Defendant admits that when Eric Hargan was the Acting HHS Secretary, he was responsible for the approval of waivers pursuant to Section 1115

of the Social Security Act. Defendant denies any allegation contained in Paragraph 27 not specifically admitted herein.

28. Defendant admits that Seema Verma is Administrator of CMS, that she works on administering Medicaid, and that she recused herself from the consideration of Kentucky's waiver application because of her prior work. Defendant denies the fourth sentence of Paragraph 28. Defendant denies any allegation contained in Paragraph 28 not specifically admitted herein.

29. Defendant admits that Demetrios L. Kouzoukas is the Principal Deputy Administrator of CMS. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 and therefore denies the same.

30. Defendant denies the first sentence of Paragraph 30. As to the content of the January 11 letter, Defendant states that it speaks for itself. Defendant denies any allegation contained in Paragraph 30 not specifically admitted herein.

31. Defendant admits the allegations contained in Paragraph 31.

32. Defendant admits the allegations contained in Paragraph 32.

33. Defendant admits that Plaintiffs purport to bring this action both individually and as a class action, but denies that a class action or any other relief is appropriate. Defendant further denies that Kentucky HEALTH applies to "all residents of Kentucky who are enrolled in the Kentucky Medicaid program on or after January 12, 2018." Defendant denies any allegation contained in Paragraph 33 not specifically admitted herein.

34.     Defendant denies that the requirements of Federal Rule of Civil Procedure 23(a) are met. As to the content of Kentucky's July 3, 2017 modification request ("Kentucky's modification request"), attached as Exhibit A to Plaintiffs' Complaint, Kentucky's modification request speaks for itself. Defendant admits that the named Plaintiffs are residents of Kentucky. Defendant admits that enrollees in Kentucky HEALTH will live throughout Kentucky. Defendant denies any allegation contained in Paragraph 34 not specifically admitted herein.

35.     Defendant denies the allegations contained in Paragraph 35.

36.     Paragraph 36 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves.

37.     Defendant admits the allegations contained in Paragraph 37.

38.     Paragraph 38 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves.

39.     Paragraph 39 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself.

40.     Defendant admits the first sentence of Paragraph 40. The remainder of Paragraph 40 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves.

41.     Paragraph 41 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves.

42.     Paragraph 42 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself.

43.   Paragraph 43 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves.

44.   Paragraph 44 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself.

45.   Defendant admits that the Patient Protection and Affordable Care Act (the "ACA") was passed and signed into law in 2010. The remainder of Paragraph 45 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes and case law speak for themselves.

46.   Defendant admits that the ACA allows states, if they so choose, to cover additional individuals under Medicaid (the "Medicaid expansion"). Defendant denies that the Medicaid expansion is mandatory. As to the content of the ACA, Defendant states that the statutes speak for themselves. Defendant denies any allegation contained in Paragraph 46 not specifically admitted herein.

47.   Paragraph 47 is a statement of law to which no answer is required. In addition, Defendant states that the cited statute speaks for itself.

48.   Paragraph 48 is a summary of case law to which no answer is required. In addition, Defendant states that the cited case law speaks for itself.

49.   Defendant admits the allegations contained in Paragraph 49.

50.   Defendant is without sufficient information or knowledge to admit or deny the meaning of the vague and ambiguous phrase "mandatory coverage group" and therefore denies the allegations contained in Paragraph 50. In addition, Paragraph

50 is a statement of law to which no answer is required. Defendant states that the applicable statutes speak for themselves.

51.     Paragraph 51 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves.

52.     Paragraph 52 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself. Defendant denies Plaintiffs' characterization of the cited statute in Paragraph 52 to the extent it conflicts with the cited statute.

53.     Paragraph 53 references a statute that does not exist. To the extent a further answer is required, Defendant denies the same.

54.     Paragraph 54 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself.

55.     Paragraph 55 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes and regulation speak for themselves. To the extent a further answer is required, Defendant denies the same.

56.     Paragraph 56 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves. To the extent a further answer is required, Defendant denies the same.

57.     Paragraph 57 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited regulation and applicable authorities speak for themselves. To the extent a further answer is required, Defendant denies the same.

58.     Paragraph 58 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves.

59.     Paragraph 59 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute and regulation speak for themselves.

60.     Defendant admits that the Medicaid Act allows states to impose premiums and cost sharing. Defendant denies any allegation contained in Paragraph 60 not specifically admitted herein.

61.     Paragraph 61 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes and the earlier statutes speak for themselves.

62.     Paragraph 62 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves. To the extent a further answer is required, Defendant denies the same.

63.     Paragraph 63 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves. To the extent a further answer is required, Defendant denies the same.

64.     Paragraph 64 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves. To the extent a further answer is required, Defendant denies the same.

65.     Paragraph 65 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves. To the extent a further answer is required, Defendant denies the same.

66.   Paragraph 66 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves.

67.   Paragraph 67 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves. To the extent an answer is required, Defendant denies the same.

68.   Paragraph 68 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes and regulation speak for themselves.

69.   Defendant states that the HHS Secretary has broad authority to waive requirements of Medicaid. Paragraph 69 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself. To the extent a further answer is required, Defendant denies the same.

70.   Defendant admits that the HHS Secretary has broad authority to waive Medicaid requirements under Section 1115 of the Social Security Act. Paragraph 70 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself.

71.   Paragraph 71 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself.

72.   Paragraph 72 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself. To the extent a further answer is required, Defendant denies the same.

73.   Paragraph 73 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself. To the extent a further answer is required, Defendant denies the same.

74.   Paragraph 74 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself. To the extent a further answer is required, Defendant denies the same.

75.   Paragraph 75 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute and regulations speak for themselves.

76.   Paragraph 76 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited constitutional and statutory provisions speak for themselves.

77.   Paragraph 77 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes and publication speak for themselves. To the extent a further answer is required, Defendant denies the same.

78.   Defendant admits that all states participate in Medicaid and that the Cabinet for Health and Family Services and Department for Medicaid Services administer Kentucky's Medicaid program. As to the content of the sources cited in Paragraph 78, Defendant states that they speak for themselves.

79.   Defendant admits that Kentucky's state Medicaid plan was amended effective January 1, 2014. As to the content of the amendment, Defendant states that it speaks for itself. Defendant denies any allegation contained in Paragraph 79 not specifically admitted herein.

80.     Defendant states that the cited sources speak for themselves. Defendant denies any allegation contained in Paragraph 80 not specifically admitted herein.

81.     Defendant states that the cited source speaks for itself. Defendant denies any allegation contained in Paragraph 81 not specifically admitted herein.

82.     Defendant states that the cited source speaks for itself. Defendant denies any allegation contained in Paragraph 82 not specifically admitted herein.

83.     Defendant states that the cited source speaks for itself. Defendant denies any allegation contained in Paragraph 83 not specifically admitted herein.

84.     Defendant admits that Governor Bevin sent Kentucky's waiver application to the HHS Secretary on August 24, 2016. As to its content, Defendant states that Kentucky's waiver application speaks for itself. Defendant denies Plaintiffs' characterization of Kentucky's waiver application in Paragraph 84 to the extent it conflicts with the waiver application.

85.     Defendant states that Kentucky's waiver application speaks for itself. Defendant denies Plaintiffs' characterization of Kentucky's waiver application in Paragraph 85 to the extent it conflicts with the waiver application.

86.     Defendant states that Kentucky's waiver application speaks for itself. Defendant denies Plaintiffs' characterization of Kentucky's waiver application in Paragraph 86 to the extent it conflicts with the waiver application.

87.     Defendant states that Kentucky's modification request speaks for itself. Defendant denies Plaintiffs' characterization of Kentucky's modification request in Paragraph 87 to the extent it conflicts with the modification request.

88.   Defendant states that Kentucky's modification request speaks for itself. Defendant denies Plaintiffs' characterization of Kentucky's modification request in Paragraph 88 to the extent it conflicts with the modification request.

89.   Defendant admits that CMS held a comment period from September 8, 2016 through October 8, 2016 and that over 1,800 comments were received. Defendant denies any allegation contained in Paragraph 89 not specifically admitted herein.

90.   Defendant admits that Governor Bevin submitted Kentucky's modification request on July 3, 2017, that CMS held a public comment period on the modification request from July 3, 2017 until August 2, 2017, and that CMS received over 1,200 comments. Defendant denies any allegation contained in Paragraph 90 not specifically admitted herein.

91.   Defendant admits that the HHS Secretary approved Kentucky HEALTH on January 12, 2018. As to the content of Kentucky HEALTH, Defendant states that the STCs speak for themselves. Defendant denies any allegation contained in Paragraph 91 not specifically admitted herein.

92.   Defendant denies the allegations contained in Paragraph 92.

93.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 93 to the extent it conflicts with the STCs.

94.   Defendant admits the first sentence of Paragraph 94. As to the content of Kentucky HEALTH, Defendant states that the STCs speak for themselves.

95.     Defendant states that Kentucky's waiver application speaks for itself. Defendant denies Plaintiffs' characterization of the waiver application in Paragraph 95 to the extent it conflicts with the waiver application.

96.     Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 96 to the extent it conflicts with the STCs.

97.     Defendant states that Kentucky's waiver application speaks for itself. Defendant denies Plaintiffs' characterization of Kentucky's waiver application in Paragraph 97 to the extent it conflicts with the waiver application.

98.     Defendant admits the allegations contained in Paragraph 98.

99.     Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 99 to the extent it conflicts with the STCs.

100.    Defendant states that Kentucky's waiver application speaks for itself. Defendant denies Plaintiffs' characterization of Kentucky's waiver application in Paragraph 100 to the extent it conflicts with the waiver application.

101.    Defendant states that Kentucky's waiver application and the STCs speak for themselves. Defendant denies Plaintiffs' characterization of Kentucky's waiver application and the STCs in Paragraph 101 to the extent it conflicts with the waiver application and the STCs.

102.    Paragraph 102 is a legal conclusion to which no answer is required.  In addition, Defendant states that the cited statutes speak for themselves.

103.    Paragraph 103 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves.

104.   Paragraph 104 is a legal conclusion to which no answer is required. In addition, Defendant states that the Medicaid Act speaks for itself. To the extent a further answer is required, Defendant denies the same.

105.   Defendant denies the allegations contained in Paragraph 105.

106.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 106 to the extent it conflicts with the STCs.

107.   Defendant states that Kentucky's waiver application speaks for itself. Defendant denies Plaintiffs' characterization of Kentucky's waiver application in Paragraph 107 to the extent it conflicts with the waiver application.

108.   Defendant states that Kentucky's waiver application and the STCs speak for themselves. Defendant denies Plaintiffs' characterization of Kentucky's waiver application and the STCs in Paragraph 108 to the extent it conflicts with the waiver application and the STCs.

109.   Defendant states that Kentucky's waiver application and the STCs speak for themselves. Defendant denies Plaintiffs' characterization of Kentucky's waiver application and the STCs in Paragraph 109 to the extent it conflicts with the waiver application and the STCs.

110.   Defendant states that Kentucky's waiver application speaks for itself. Defendant denies Plaintiffs' characterization of Kentucky's waiver application in Paragraph 110 to the extent it conflicts with the waiver application.

111.   Paragraph 111 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves. To the extent a further answer is required, Defendant denies the same.

112.   Paragraph 112 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speak for themselves.

113.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 113 to the extent it conflicts with the STCs. To the extent a further answer is required, Defendant denies the same.

114.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 114 to the extent it conflicts with the STCs.

115.   Defendant states that Kentucky's waiver application and the STCs speak for themselves. Defendant denies Plaintiffs' characterization of Kentucky's waiver application and the STCs in Paragraph 115 to the extent it conflicts with the waiver application and the STCs.

116.   Defendant states that the STCs speaks for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 116 to the extent it conflicts with the STCs.

117.   Defendant states that the STCs speaks for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 117, including but not limited to the example used, to the extent it conflicts with the STCs.

118.   Defendant states that the STCs speaks for themselves. Defendant denies Plaintiffs'
characterization of the STCs in Paragraph 118 to the extent it conflicts with the
STCs.

119.   Defendant states that Kentucky's waiver application and the STCs speak for
themselves. Defendant denies Plaintiffs' characterization of the waiver application
and the STCs in Paragraph 119 to the extent it conflicts with the waiver application
and the STCs.

120.   Defendant states that the STCs speaks for themselves. Defendant denies Plaintiffs'
characterization of the STCs in Paragraph 120 to the extent it conflicts with the
STCs.

121.   Defendant states that the STCs and Kentucky's waiver application speak for
themselves. Defendant denies Plaintiffs' characterization of the STCs and
Kentucky's waiver application in Paragraph 121 to the extent it conflicts with the
STCs and the waiver application.

122.   Defendant is without knowledge or information sufficient to form a belief as to the
truth of the allegations set forth in Paragraph 122 and therefore denies the same.

123.   Defendant states that Kentucky's waiver application and the STCs speak for
themselves. Defendant denies Plaintiffs' characterization of Kentucky's waiver
application and the STCs in Paragraph 123 to the extent it conflicts with the waiver
application and the STCs.

124.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs'
characterization of the STCs in Paragraph 124 to the extent it conflicts with the
STCs.

125.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs'
characterization of the STCs in Paragraph 125 to the extent it conflicts with the
STCs.

126.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs'
characterization of the STCs in Paragraph 126 to the extent it conflicts with the
STCs.

127.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs'
characterization of the STCs in Paragraph 127 to the extent it conflicts with the
STCs.

128.   Paragraph 128 is a legal conclusion to which no answer is required. In addition,
Defendant states that the cited statutes and regulation speak for themselves. To
the extent a further answer is required, Defendant denies the same.

129.   Defendant states that Kentucky's waiver application and the STCs speak for
themselves. Defendant denies Plaintiffs' characterization of Kentucky's waiver
application and the STCs in Paragraph 129 to the extent it conflicts with the waiver
application and the STCs.

130.   Paragraph 130 is a legal conclusion to which no answer is required. In addition,
Defendant states that the cited statutes speak for themselves. To the extent a
further answer is required, Defendant denies the same.

131.   Defendant states that Kentucky's waiver application and the STCs speak for themselves. Defendant denies Plaintiffs' characterization of Kentucky's waiver application and the STCs in Paragraph 131 to the extent it conflicts with the waiver application and the STCs.

132.   Defendant states that the HHS Secretary's approval of Kentucky HEALTH is consistent with federal law. Defendant denies any allegation contained in Paragraph 132 not specifically admitted herein.

133.   Defendant states that the HHS Secretary's approval of Kentucky HEALTH is consistent with federal law. Defendant denies any allegation contained in Paragraph 133 not specifically admitted herein.

134.   Defendant admits that Kentucky HEALTH is consistent with federal law. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 134 to the extent it conflicts with the STCs.

135.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 135 to the extent it conflicts with the STCs. Defendant denies any allegation in Paragraph 135 not specifically admitted herein.

136.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 136 to the extent it conflicts with the STCs.

137.   The first sentence of Paragraph 137 is a legal conclusion to which no response is required. In addition, Defendant states that the cited regulation speaks for itself. As to the second sentence of Paragraph 137, Defendant states that Kentucky's waiver application and the STCs speak for themselves. Defendant denies Plaintiffs' characterization of Kentucky's waiver application and the STCs in Paragraph 137 to the extent it conflicts with the waiver application and STCs. Defendant denies any allegation in Paragraph 137 not specifically admitted herein.

138.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 138 to the extent it conflicts with the STCs.

139.   Defendant states that Kentucky's waiver application and Kentucky's modification request speak for themselves. Defendant denies Plaintiffs' characterization of Kentucky's waiver application and Kentucky's modification request in Paragraph 139 to the extent it conflicts with the waiver application and the modification request.

140.   Paragraph 140 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statutes speaks for themselves. To the extent a further answer is required, Defendant denies the same.

141.   Paragraph 141 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself. To the extent a further answer is required, Defendant denies the same.

142. Defendant states that Kentucky's waiver application and the STCs speaks for themselves. Defendant denies Plaintiffs' characterization of Kentucky's waiver application and the STCs in Paragraph 142 to the extent it conflicts with the waiver application and the STCs. Defendant further states that Paragraph 142 contains a legal conclusion to which no answer is required. The applicable statutes speak for themselves. To the extent a further answer is required, Defendant denies the same.

143. Paragraph 143 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute and regulation speak for themselves. To the extent a further answer is required, Defendant denies the same.

144. Defendant denies Paragraph 144. Defendant further states that Kentucky's waiver application speaks for itself.

145. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 145 to the extent it conflicts with the STCs.

146. Defendants states that Kentucky's waiver application speaks for itself. Defendant denies Plaintiffs' characterization of Kentucky's waiver application in Paragraph 146 to the extent it conflicts with the waiver application.

147. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 and therefore denies the same.

148. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 and therefore denies the same. Defendant further states that the cited sources speak for themselves.

149.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 and therefore denies the same. Defendant further states that the cited source speaks for itself.

150.   Defendant states that President Trump's Executive Order 13765 speaks for itself. Defendant denies Plaintiffs' characterization of that executive order to the extent it conflicts with the same.

151.   Defendant admits the first sentence of Paragraph 151. Defendant states that the letter cited in Paragraph 151 speaks for itself. Defendant denies Plaintiffs' characterization of the letter cited in Paragraph 151 to the extent it conflicts with the letter.

152.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152 and therefore denies the same. Defendant further states that the cited source speaks for itself.

153.   Defendant states that the cited source in Paragraph 153 speaks for itself. Defendant denies Plaintiffs' characterization of the source cited in Paragraph 153 to the extent it conflicts with the article.

154.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 154 and therefore denies the same. Defendant further states that the cited source speaks for itself.

155.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155 and therefore denies the same. Defendant further states that the cited source speaks for itself.

156.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156 and therefore denies the same. Defendant further states that the cited source speaks for itself.

157.    Defendant states that the January 11 letter and the STCs speaks for themselves. Defendant denies Plaintiffs' characterization of the January 11 letter and the STCs in Paragraph 157 to the extent it conflicts with the January 11 letter and the STCs.

158.    Defendant states that the January 11 letter speaks for itself. Defendant denies Plaintiffs' characterization of the January 11 letter in Paragraph 158 to the extent it conflicts with the January 11 letter.

159.    Defendant states that the January 11 letter speaks for itself. Defendant denies Plaintiffs' characterization of the January 11 letter in Paragraph 159 to the extent it conflicts with the January 11 letter.

160.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 160 and therefore denies the same.

161.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 and therefore denies the same.

162.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 162 and therefore denies the same.

163.    Defendant admits that the HHS Secretary approved Kentucky HEALTH on January 12, 2018. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 163 and therefore denies the same.

164.   Defendant states that the STCs and the January 11 letter speak for themselves.
Defendant denies Plaintiffs' characterization of the STCs and the January 11 letter
in Paragraph 164 to the extent it conflicts with the STCs and the January 11 letter.

165.   Defendant is without knowledge or information sufficient to form a belief as to the
truth of the allegations set forth in Paragraph 165 and therefore denies the same.
Defendant further states that the cited source speaks for itself.

166.   Defendant denies the allegations contained in Paragraph 166.

167.   Defendant denies the allegations contained in Paragraph 167.

168.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs'
characterization of the STCs in Paragraph 168 to the extent it conflicts with the
STCs.

169.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs'
characterization of the STCs in Paragraph 169 to the extent it conflicts with the
STCs.

170.   Defendant is without knowledge or information sufficient to form a belief as to the
truth of the allegations set forth in Paragraph 170 and therefore denies the same.

171.   Defendant denies the allegations contained in Paragraph 171.

172.   Defendant admits that Ronnie Maurice Stewart is a resident of Kentucky.
Defendant is without knowledge or information sufficient to form a belief as to the
truth of the remaining allegations set forth in Paragraph 172 and therefore denies
the same.

173.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 173 and therefore denies the same.

174.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 174 and therefore denies the same.

175.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 175 and therefore denies the same.

176.   Defendant admits that Mr. Stewart currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 176 and therefore denies the same.

177.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 177 and therefore denies the same.

178.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178 and therefore denies the same.

179.   Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 179 and therefore denies the same.

180.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 180 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 180 and therefore denies the same.

181.   Defendant admits that Glassie Mae Kasey is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 181 and therefore denies the same.

182.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 182 and therefore denies the same.

183.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 183 and therefore denies the same.

184.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 184 and therefore denies the same.

185.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 185 and therefore denies the same.

186.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 186 and therefore denies the same.

187.   Defendant admits that Ms. Kasey currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 187 and therefore denies the same.

188.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188 and therefore denies the same.

189.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 189 and therefore denies the same.

190.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 190 to the extent it conflicts with the

STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 190 and therefore denies the same.

191. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 191 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 191 and therefore denies the same.

192. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 192 and therefore denies the same.

193. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 193 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 193 and therefore denies the same.

194. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 194 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 194 and therefore denies the same.

195. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 and therefore denies the same.

196.    Defendant admits that Lakin Branham is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 196 and therefore denies the same.

197.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197 and therefore denies the same.

198.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 198 and therefore denies the same.

199.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 199 and therefore denies the same.

200.    Defendant admits that Ms. Branham currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 200 and therefore denies the same.

201.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 201 and therefore denies the same.

202.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202 and therefore denies the same.

203.    Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 203 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in Paragraph 203 and therefore denies the same.

204.    Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 204 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 204 and therefore denies the same.

205.    Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 205 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 205 and therefore denies the same.

206.    Defendant admits that Shanna Ballinger is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 206 and therefore denies the same.

207.    Defendant admits that Ms. Ballinger currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 207 and therefore denies the same.

208.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 208 and therefore denies the same.

209.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 209 and therefore denies the same.

210.   Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 210 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 210 and therefore denies the same.

211.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 211 and therefore denies the same.

212.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 212 and therefore denies the same.

213.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 213 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 213 and therefore denies the same.

214.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 214 and therefore denies the same.

215.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215 and therefore denies the same.

216.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 216 and therefore denies the same.

217.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 and therefore denies the same.

218.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218 and therefore denies the same.

219.    Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 219 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 219 and therefore denies the same.

220.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 220 and therefore denies the same.

221.    Defendant admits that Dave Kobersmith is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 221 and therefore denies the same.

222.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 222 and therefore denies the same.

223.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 223 and therefore denies the same.

224.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 224 and therefore denies the same.

225.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 225 and therefore denies the same.

226. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 226 and therefore denies the same.

227. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227 and therefore denies the same.

228. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228 and therefore denies the same.

229. Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 229 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 229 and therefore denies the same.

230. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 230 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 230 and therefore denies the same.

231. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 231 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in Paragraph 231 and therefore denies the same.

232.   Defendant admits that William Bennett is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 232 and therefore denies the same.

233.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233 and therefore denies the same.

234.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 234 and therefore denies the same.

235.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 235 and therefore denies the same.

236.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 236 and therefore denies the same.

237.   Defendant admits that Mr. Bennett currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 237 and therefore denies the same.

238.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 238 and therefore denies the same.

239.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 239 and therefore denies the same.

240.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 240 and therefore denies the same.

241.   Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 241 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 241 and therefore denies the same.

242.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 242 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 242 and therefore denies the same.

243.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 243 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 243 and therefore denies the same.

244.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 244 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 244 and therefore denies the same.

245.    Defendant admits that Shawna Nicole McComas is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 245 and therefore denies the same.

246.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 246 and therefore denies the same.

247.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 247 and therefore denies the same.

248.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 248 and therefore denies the same.

249.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 249 and therefore denies the same.

250.    Defendant admits that Ms. McComas currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 250 and therefore denies the same.

251.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251 and therefore denies the same.

252.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 252 and therefore denies the same.

253.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 253 and therefore denies the same.

254.  Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 254 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 254 and therefore denies the same.

255.  Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 255 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 255 and therefore denies the same.

256.  Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 256 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 256 and therefore denies the same.

257.  Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 257 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 257 and therefore denies the same.

258.   Defendant admits that Alexa Hatcher is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 258 and therefore denies the same.

259.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 259 and therefore denies the same.

260.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 260 and therefore denies the same.

261.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 261 and therefore denies the same.

262.   Defendant admits the allegations contained in Paragraph 262.

263.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 263 and therefore denies the same.

264.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 264 and therefore denies the same.

265.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 265 and therefore denies the same.

266.   Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 266 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in Paragraph 266 and therefore denies the same.

267.  Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 267 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 267 and therefore denies the same.

268.  Defendant admits that Michael Woods and Sara Woods are residents of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 268 and therefore denies the same.

269.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 269 and therefore denies the same.

270.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 270 and therefore denies the same.

271.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 271 and therefore denies the same.

272.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 272 and therefore denies the same.

273.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 273 and therefore denies the same.

274.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 274 and therefore denies the same.

275.    Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 275 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 275 and therefore denies the same.

276.    Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 276 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 276 and therefore denies the same.

277.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 277 and therefore denies the same.

278.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 278 and therefore denies the same.

279.    Defendant admits that Kimberly Withers is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 279 and therefore denies the same.

280. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 280 and therefore denies the same.

281. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 281 and therefore denies the same.

282. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 282 and therefore denies the same.

283. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 283 and therefore denies the same.

284. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 284 and therefore denies the same.

285. Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 285 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 285 and therefore denies the same.

286. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 286 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 286 and therefore denies the same.

287.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 287 and therefore denies the same.

288.   Defendant admits that Katelyn Allen is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 288 and therefore denies the same.

289.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 289 and therefore denies the same.

290.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 290 and therefore denies the same.

291.   Defendant admits that Ms. Allen currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 291 and therefore denies the same.

292.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 292 and therefore denies the same.

293.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 293 and therefore denies the same.

294.   Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 294 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in Paragraph 294 and therefore denies the same.

295.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 295 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 295 and therefore denies the same.

296.   Defendant admits that Kentucky HEALTH beneficiaries will have a *My Rewards* account. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 296 and therefore denies the same.

297.   Defendant admits that Amanda Spears is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 297 and therefore denies the same.

298.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 298 and therefore denies the same.

299.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 299 and therefore denies the same.

300.   Defendant admits that Ms. Spears currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 300 and therefore denies the same.

301. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 301 and therefore denies the same.

302. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 302 and therefore denies the same.

303. Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 303 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 303 and therefore denies the same.

304. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 304 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 304 and therefore denies the same.

305. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 305 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 305 and therefore denies the same.

306.    Defendant admits that David Roode is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 306 and therefore denies the same.

307.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 307 and therefore denies the same.

308.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 308 and therefore denies the same.

309.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 309 and therefore denies the same.

310.    Defendant admits that Mr. Roode currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 310 and therefore denies the same.

311.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 311 and therefore denies the same.

312.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 312 and therefore denies the same.

313.    Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 313 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in Paragraph 313 and therefore denies the same.

314. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 314 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 314 and therefore denies the same.

315. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 315 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 315 and therefore denies the same.

316. Defendant admits that Sheila Marlene Penney is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 316 and therefore denies the same.

317. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 317 and therefore denies the same.

318. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 318 and therefore denies the same.

319. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 319 and therefore denies the same.

320. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 320 and therefore denies the same.

321. Defendant admits that Ms. Penney currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 321 and therefore denies the same.

322. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 322 and therefore denies the same.

323. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 323 and therefore denies the same.

324. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 324 and therefore denies the same.

325. Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 325 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 325 and therefore denies the same.

326. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 326 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in Paragraph 326 and therefore denies the same.

327.  Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 327 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 327 and therefore denies the same.

328.  Defendant admits that Quenton Radford is a resident of Kentucky. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 328 and therefore denies the same.

329.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 329 and therefore denies the same.

330.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 330 and therefore denies the same.

331.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 331 and therefore denies the same.

332.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 332 and therefore denies the same.

333.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 333 and therefore denies the same.

334.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 334 and therefore denies the same.

335.   Defendant admits that Mr. Radford currently is enrolled in Medicaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 335 and therefore denies the same.

336.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 336 and therefore denies the same.

337.   Defendant states that Kentucky HEALTH's community engagement and employment initiative is not strictly a "work requirement." Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 337 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 337 and therefore denies the same.

338.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 338 to the extent it conflicts with the STCs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 338 and therefore denies the same.

339.   In response to Paragraph 339 of the Complaint, Defendant incorporates by reference all responses set forth above as if completely restated herein.

340.   Paragraph 340 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited statute speaks for itself.

341.   Defendant states that the January 11 letter speaks for itself. Defendant denies
       Plaintiffs' characterization of the January 11 letter in Paragraph 341 to the extent it
       conflicts with the January 11 letter.

342.   Defendant denies the allegations contained in Paragraph 342 of the Complaint.

343.   Defendant is without knowledge or information sufficient to form a belief as to the
       truth of Plaintiffs' allegation in Paragraph 343 that the January 11 letter was not
       "issued through notice and comment rulemaking" and therefore denies the same.
       Defendant denies the remaining allegations contained in Paragraph 343 of the
       Complaint.

344.   Defendant denies the allegations contained in Paragraph 344 of the Complaint.

345.   Defendant denies the allegations contained in Paragraph 345 of the Complaint.

346.   In response to Paragraph 346 of the Complaint, Defendant incorporates by
       reference all responses set forth above as if completely restated herein.

347.   Paragraph 347 is a legal conclusion to which no answer is required. In addition,
       Defendant states that the cited statute speaks for itself.

348.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs'
       characterization of the STCs in Paragraph 348 to the extent it conflicts with the
       STCs.

349.   Defendant denies the allegations contained in Paragraph 349 of the Complaint.

350.   Defendant denies the allegations contained in Paragraph 350 of the Complaint.

351.   Defendant denies the allegations contained in Paragraph 351 of the Complaint.

352.   Defendant denies the allegations contained in Paragraph 352 of the Complaint.

353.    In response to Paragraph 353 of the Complaint, Defendant incorporates by reference all responses set forth above as if completely restated herein.

354.    Paragraph 354 is a legal conclusion to which no answer is required. Defendant states that the cited statute speaks for itself.

355.    Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 355 to the extent it conflicts with the STCs.

356.    Defendant denies the allegations contained in Paragraph 356 of the Complaint.

357.    Defendant denies the allegations contained in Paragraph 357 of the Complaint.

358.    Defendant denies the allegations contained in Paragraph 358 of the Complaint.

359.    Defendant denies the allegations contained in Paragraph 359 of the Complaint.

360.    In response to Paragraph 360 of the Complaint, Defendant incorporates by reference all responses set forth above as if completely restated herein.

361.    Paragraph 361 is a legal conclusion to which no answer is required. Defendant states that the cited statute speaks for itself.

362.    Defendant denies the allegations contained in Paragraph 362 of the Complaint.

363.    Defendant denies the allegations contained in Paragraph 363 of the Complaint.

364.    Defendant denies the allegations contained in Paragraph 364 of the Complaint.

365.    Defendant denies the allegations contained in Paragraph 365 of the Complaint.

366.    In response to Paragraph 366 of the Complaint, Defendant incorporates by reference all responses set forth above as if completely restated herein.

367. Paragraph 367 is a legal conclusion to which no answer is required. Defendant states that the cited statute speaks for itself.

368. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 368 to the extent it conflicts with the STCs.

369. Defendant denies the allegations contained in Paragraph 369 of the Complaint.

370. Defendant denies the allegations contained in Paragraph 370 of the Complaint.

371. Defendant denies the allegations contained in Paragraph 371 of the Complaint.

372. In response to Paragraph 372 of the Complaint, Defendant incorporates by reference all responses set forth above as if completely restated herein.

373. Paragraph 373 is a legal conclusion to which no answer is required. Defendant states that the cited statute speaks for itself.

374. Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 374 to the extent it conflicts with the STCs.

375. Defendant denies the allegations contained in Paragraph 375 of the Complaint.

376. Defendant denies the allegations contained in Paragraph 376 of the Complaint.

377. Defendant denies the allegations contained in Paragraph 377 of the Complaint.

378. Defendant denies the allegations contained in Paragraph 378 of the Complaint.

379. In response to Paragraph 379 of the Complaint, Defendant incorporates by reference all responses set forth above as if completely restated herein.

380.   Paragraph 380 is a legal conclusion to which no answer is required. Defendant states that the cited statute speaks for itself.

381.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 381 to the extent it conflicts with the STCs.

382.   Defendant denies the allegations contained in Paragraph 382 of the Complaint.

383.   Defendant denies the allegations contained in Paragraph 383 of the Complaint.

384.   Defendant denies the allegations contained in Paragraph 384 of the Complaint.

385.   In response to Paragraph 385 of the Complaint, Defendant incorporates by reference all responses set forth above as if completely restated herein.

386.   Paragraph 386 is a legal conclusion to which no answer is required. Defendant states that the cited statute speaks for itself.

387.   Defendant states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 387 to the extent it conflicts with the STCs.

388.   Defendant denies the allegations contained in Paragraph 388 of the Complaint.

389.   Defendant denies the allegations contained in Paragraph 389 of the Complaint.

390.   Defendant denies the allegations contained in Paragraph 390 of the Complaint.

391.   In response to Paragraph 391 of the Complaint, Defendant incorporates by reference all responses set forth above as if completely restated herein.

392.   Paragraph 392 is a legal conclusion to which no answer is required. To the extent a further answer is required, Defendant denies the same.

393.  Defendant states that the United States Constitution speaks for itself.

394.  Defendant states that the United States Constitution speaks for itself.

395.  Paragraph 395 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited case law and constitutional provision in Paragraph 395 speak for themselves.

396.  Paragraph 396 is a legal conclusion to which no answer is required. In addition, Defendant states that the cited constitutional provisions speak for themselves.

397.  Paragraph 397 is a legal conclusion to which no answer is required. In addition, Defendant states that the United States Constitution speaks for itself.

398.  Defendant states that Kentucky's waiver application and modification request speak for themselves. Defendant denies Plaintiffs' characterization of Kentucky's waiver application and modification request in Paragraph 398 to the extent it conflicts with the waiver application and modification request.

399.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 399 and therefore denies the same.

400.  Defendant denies the allegations contained in Paragraph 400.

401.  Defendant admits that Kentucky HEALTH will apply to those participating in the Medicaid expansion and that the Medicaid expansion is part of the ACA. Defendant denies any allegation contained in Paragraph 401 not specifically admitted herein.

402.  Defendant states that President Trump's cited executive order speaks for itself. Defendant denies Plaintiffs' characterization of President Trump's cited executive

order in Paragraph 402 to the extent it conflicts with President Trump's executive order. To the extent a further response is required, Defendant denies the same.

403.    Paragraph 403 is a legal conclusion to which no answer is required. Defendant further states that the STCs speak for themselves. Defendant denies Plaintiffs' characterization of the STCs in Paragraph 403 to the extent it conflicts with the STCs. To the extent a further answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 403 and therefore denies the same.

404.    Defendant denies the allegations contained in Paragraph 404.

405.    Defendant denies the allegations contained in Paragraph 405.

406.    Defendant denies the allegations contained in Paragraph 406.

407.    Defendant denies the allegations contained in Paragraph 407.

408.    Defendant denies the allegations contained in Paragraph 408.

409.    As to all of its responses above, Defendant denies any allegation not specifically admitted in this Answer.

410.    Defendant denies all grounds for relief sought by Plaintiffs. Defendant states that Plaintiffs are entitled to no relief whatsoever.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    This action should be transferred to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404.

3.    Plaintiffs' claims are not ripe.

4. Plaintiffs' alleged injuries are speculative.

5. Plaintiffs' claims may be barred, in whole or in part, by waiver, estoppel, or consent.

6. Plaintiffs lack standing to seek the relief sought in the Complaint.

7. Plaintiffs have failed to name indispensable parties.

8. Certain of Plaintiffs' claims are not justiciable.

9. Defendant pleads all applicable affirmative defenses allowed under Federal Rules of Civil Procedure 8 and 12.

10. Defendant reserves the right to supplement its affirmative defenses.

WHEREFORE, Defendant, having answered the Complaint, respectfully demands as follows:

A. That the Complaint be dismissed with prejudice;

B. That Plaintiffs' request for class certification be denied;

C. That Plaintiffs' request for injunctive relief be denied;

D. That Plaintiffs' request for attorneys' fees and costs be denied;

E. That Defendant recovers attorneys' fees and costs incurred in this action; and

F. That Defendant receives all further relief to which it may be entitled.

Respectfully submitted,

/s/ Matthew F. Kuhn
Matthew F. Kuhn, DC Bar No. 1011084
Office of the Governor
700 Capital Avenue, Suite 101
Frankfort, Kentucky 40601
(502) 564-2611
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

## CERTIFICATE OF SERVICE

I certify that on March 29, 2018 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the following:

Thomas J. Perrelli
Ian Heath Gershengorn
Devi M. Rao
Samuel F. Jacobson
Natacha Y. Lam
Lauren J. Hartz
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, D.C. 20001
(502) 639-6869
tperrelli@jenner.com
igershengorn@jenner.com
drao@jenner.com
sjacobson@jenner.com
nlam@jenner.com
lhartz@jenner.com

Jane Perkins
Catherine A. McKee
National Health Law Program
200 North Greensboro Street
Suite D-13
Carrboro, N.C. 27510
(919) 968-6308

jperkins@healthlaw.org
mckee@healthlaw.org

Deepthy Kishore
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20530
(202) 616-4448
deepthy.c.kishore@usdoj.gov

<u>/s/ Matthew F. Kuhn</u>