IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONNIE MAURICE STEWART, et al.,

    Plaintiffs,

v.

ALEX M. AZAR II, et al.,

    Defendants.

Civil Action No. 1:18-cv-152 (JEB)

**JOINT MOTION TO STRIKE AND VACATE ENTRY OF FINAL JUDGMENT**

Plaintiffs Ronnie Maurice Stewart, et al., federal defendants Alex M. Azar, et al., and intervenor-defendant the Commonwealth of Kentucky (collectively, the "parties"), hereby move under Federal Rule of Civil Procedure 60(b)(6) to strike subsection (4) from the Court's June 29, 2018 Order entering judgment in favor of Plaintiffs. Subsections (1) through (3) of the Order would remain unchanged. *See* ECF No. 73. In support of this motion, the parties state as follows:

1. On June 29, 2018, the Court issued a four-part Order that (1) granted plaintiffs' motion for summary judgment, (2) denied defendants' cross-motions for summary judgment, (3) vacated and remanded the Secretary of Health and Human Services's approval of Kentucky HEALTH, and (4) entered final judgment. Order, ECF No. 73.

2. The order was accompanied by a memorandum opinion, in which the Court adjudicated Count VIII of plaintiffs' nine-count Complaint. Mem. Op. at 58, ECF No. 74 (granting plaintiffs' summary-judgment motion "via Count VIII."). The Court concluded that it "need adjudicate only one count of Plaintiffs' Complaint to grant them full relief: Count VIII, which challenges the Secretary's approval of Kentucky HEALTH as a whole." Mem. Op., at 15. The

1

    Court did not dismiss the rest of plaintiffs' claims before entering final judgment.

3. Rule 60(b)(6) allows the Court to relieve the parties from a final judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "The rule 'grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in (b)(1) through (b)(5).'" *Bowyer v. District of Columbia*, 779 F. Supp. 2d 159, 162 (D.D.C. 2011) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 846, 863 (1988)). Rule 60(b)(6) should be "sparingly used." *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007).

4. Plaintiffs' Complaint included statutory and constitutional claims. Plaintiffs moved for summary judgment on the statutory claims, but not the constitutional claim. ECF 33. The court expressly refrained from deciding the constitutional claim. ECF 74. It is plaintiffs' position that this court retains jurisdiction over this case. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.") In any event, the parties submit that the circumstances otherwise justify the Court's retention of jurisdiction over the case by vacating its entry of final judgment. The Court's underlying memorandum opinion, ECF No. 74, would remain undisturbed, as would the rest of the Court's order vacating and remanding the Secretary's approval of Kentucky HEALTH, *see* ECF No. 73.

5. By striking subsection (4) of the Order and vacating its entry of final judgment, the Court would obviate the need for defendants to preserve their right to appeal the Court's ruling on the Secretary's initial approval of Kentucky HEALTH, which they would otherwise have to do by August 28, 2018. The Secretary of Health and Human Services is currently reconsidering

its decision on Kentucky HEALTH pursuant to the Court's remand, and once the Secretary issues a new decision, the Court's ruling on the initial approval will cease to be the basis for an appeal.

6. In the event that the Secretary re-approves Kentucky HEALTH and plaintiffs wish to challenge the new approval, the Court's retention of jurisdiction over the case will also allow plaintiffs to amend their Complaint to challenge the Secretary's new decision instead of filing a new lawsuit. This Court could decide any new claims in the case, which would prevent another court in the district from having to examine these complex issues in the first instance, without the benefit of background knowledge.

7. Therefore, the circumstances justify relief.

8. The parties respectfully request that the Court rule on the instant motion before August 28, 2018. That is the date by which the parties must file a notice of appeal of the Court's July 29, 2018, judgment to preserve their right to appeal. *See* Fed. R. App. P. 4(a)(1)(B).

Dated: August 10, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MICHELLE BENNETT
Senior Trial Counsel
Federal Programs Branch

*/s/ Vinita B. Andrapalliyal*
VINITA ANDRAPALLIYAL
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
(202) 305-0845 (telephone)
Vinita.b.andrapalliyal@usdoj.gov

*Counsel for the Federal Defendants*